UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID STECKBECK, et al., | Case No. 2:14-cv-00323-RFB-CWH |
| Plaintiffs, | ORDER GRANTING LEAVE TO AMEND |
| v. | |
| CULINARY WORKER'S UNION LOCAL 226, et al., | |
| Defendants. | |

On May 12, 2014, David Steckbeck and Steven Alba ("Plaintiffs") moved for leave to file a second amended complaint. ECF No. 13. On May 28, 2014, Bartender's Local Union 165 ("Defendant") opposed Plaintiffs' motion. ECF No. 16.

"A district court shall grant leave to amend freely 'when justice so requires.' . . . this policy is to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal citations omitted) (internal quotation marks omitted); accord Fed. R. Civ. P. 15(a)(2). A district court may consider "undue delay, bad faith, futility of amendment, and prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973); accord Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011). "While all these factors are relevant, the crucial factor is the resulting prejudice to the opposing party." Howey, 481 F.2d at 1190; accord Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'" (citations omitted)).

Here, Plaintiffs request leave to amend to accomplish three purposes: to more explicitly state the basis for federal jurisdiction, to make their claim for breach of collective bargaining agreement comply with relevant case law, and to "remove their second cause of action for breach

of the implied covenant of good faith and fair dealing and any reference to state law violations." Response 6–7, ECF No. 11; see Mot. to File Second Am. Compl., ECF No. 13.

In opposition, Defendant specifically name none of the factors this Court may consider in evaluating a Rule 15(a) motion to amend but does appear to allege futility of amendment. Opp'n to Mot. to File Second Am. Compl. 1:22–24 ("Defendant Bartenders Union Local 165 opposes Plaintiffs' motion to file a second amended complaint for the reasons set out in Local 165's reply in support of the motion to dismiss. Specifically, a complaint must allege enough facts to state a claim for relief that is plausible on its face." (internal quotation marks omitted)). The Court cannot definitively determine based upon the proposed Second Amended Complaint, that amendment would be futile. As the Defendant does not allege any bad faith or claim any prejudice or other harm will be caused by the filing of the second amended complaint, the Court will consider challenges to the merits of the proposed amended pleading after the second amended pleading is filed. For these reasons, the Court finds that the interest of justice is best served by permitting amendment of the complaint. Accordingly,

**IT IS ORDERED** that Motion to File Second Amended Complaint, ECF No. 13, is GRANTED.

**IT IS FURTHER ORDERED** that Motion to Dismiss, ECF No. 9, is DENIED as moot, without prejudice.

**IT IS FURTHER ORDERED** that the Plaintiff shall have until March 12, 2015 to file its Second Amended Complaint.

**DATED** this 5th day of March, 2015.

RICHARD F. BOULWARE, II
United States District Judge