KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiffs

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| DAVID STECKBECK, STEVEN ALBA, ROBERT BLEDSOE, all individually,<br><br>Plaintiffs,<br><br>vs.<br><br>BARTENDER'S UNION LOCAL 165; a Nevada labor entity DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive,<br><br>Defendants. | 2:14-cv-00323-RFB-CWH |

### SECOND AMENDED COMPLAINT
### Jury Trial Demanded

COMES NOW, the Plaintiffs, DAVID STECKBECK, STEVEN ALBA and ROBERT BLEDSOE, by and through their undersigned counsel, KIRK T. KENNEDY, ESQ., who file this Second Amended Complaint against the Defendant and would allege as follows:

1. Plaintiffs, DAVID STECKBECK, STEVEN ALBA and ROBERT BLEDSOE, individually, are residents of Clark County, Nevada and did so reside herein during all events complained of in this action.

2. Defendant BARTENDER'S UNION LOCAL 165 is a Nevada organized labor entity which did so operate herein during all events complained of in this action.

3. Federal question jurisdiction is predicated on 28 U.S.C. Section 1331. Furthermore, this Court's jurisdiction is invoked pursuant to Section 301 of the Labor Management Relations Act and based on 29 U.S.C. Section 185, which allows federal court jurisdiction for claims related to a union's breach of the duty of fair representation, as set

1

forth herein.

4. Plaintiffs are unaware of the true names and capacities of defendants sued herein as Does 1-10 and Roe Corporations 1-10, and will amend their complaint to show their true names and capacities when the same are ascertained. Plaintiffs are informed and believe and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by the aforementioned defendants. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

5. Plaintiffs were, at various times, members of the Defendant union organization and were represented by the Defendant as it related to their employment as bartenders at the Aria Resort Hotel and Casino in Las Vegas, Nevada.

6. Plaintiffs were employed as full-time bartenders at the Aria hotel property in 2013, as they had, at various times, in the preceding years since the Aria's opening in 2010. Plaintiffs specifically worked as full-time bartenders at the Aria pool bar area, said area remaining opening year round.

7. Plaintiffs were never previously subject to being laid off as seasonal employees by the Aria hotel.

8. On or about June, 2013, Defendant advised Plaintiffs that they were being laid off from employment as the pool bartenders as part of a re-organization of the employment status of the pool service employees, and that the Plaintiffs would have no seniority or "grandfathered" rights to maintain their positions as full time pool bartenders.

    The aforementioned lay off of the Plaintiffs by the employer Aria Hotel being a willful violation of the collective bargaining agreement between the Hotel and the Defendant, as the Plaintiffs were employed in a de facto full time capacity and not utilized as seasonal based employees by the Aria Hotel, and further, that the lay off failed

to acknowledge Plaintiffs' seniority status, as well as past practice concepts utilized at the Aria Hotel as applied to other employees.

9. On or about August 29, 2013, Plaintiffs filed a grievance with the Defendant to challenge the lay off and termination from employment as the pool bartenders, said lay off and termination in violation of the collective bargaining agreement in existence at the time.

10. Defendant willfully, arbitrarily and in bad faith failed and refused to accept and/or process and/or investigate the Plaintiffs' grievance and, further, failed to protect the rights and status of the Plaintiffs' employment as mandated under federal law.

11. Defendant willfully breached its duty of fair representation by arbitrarily and in bad faith failing to represent the interests of the Plaintiffs as it related to the termination of their employment as pool bartenders, said failure to represent in violation of federal law.

12. Plaintiffs have suffered harm and damages as a result of Defendant's conduct as set forth herein in an amount according to proof at trial.

## FIRST CLAIM FOR RELIEF
## BREACH OF DUTY OF FAIR REPRESENTATION

13. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 12 as though fully set forth herein.

18. Defendant has an obligation recognized in federal law to fairly, adequately and reasonably represent the interests of its membership, regardless of whether the members were union dues paying members of Defendant labor organization, as required under federal law.

19. Defendant willfully, intentionally, arbitrarily and in bad faith breached the duty of fair representation when it failed to represent the interests of the Plaintiffs, who were full time pool bartenders with seniority as set forth above, when Defendant agreed with and/or assisted and/or failed to challenge the employer in terminating Plaintiffs' positions and status effective on or about October, 2013, said termination in violation of the collective bargaining agreement between the Defendant and the Aria Hotel, as set forth above.

3

20. Defendant willfully, intentionally, arbitrarily and in bad faith failed to process and investigate Plaintiffs' grievance related to the issues of the termination of the Plaintiffs' full time pool bartender status which was done by the employer in violation of the collective bargaining agreement between the Defendant and the Aria Hotel, said conduct in violation of federal law.

21. As a direct and proximate result of this conduct by Defendant, Plaintiffs have suffered harm and damages in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

1. For compensatory damages, including, but not limited to, future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish and loss of enjoyment of life in a sum according to proof at trial.
2. For punitive and exemplary damages, if available, according to proof at trial.
3. For back pay and interest on back pay and front pay.
4. For loss of employment related benefits, including health care and retirement.
5. For reasonable attorney's fees incurred herein.
6. For costs of suit and prejudgment interest.
7. For injunctive relief, as appropriate.
8. For such other and further relief deemed appropriate by the Court.

Dated this 6th day of March, 2015.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiffs

## JURY TRIAL DEMAND

Pursuant to FRCP 38, Plaintiff does hereby demand a trial by jury of all issues and claims raised in this Complaint.

Dated this 6th day of March, 2015.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby affirm that on this 6th day of March, 2015, I mailed via first class U.S. Mail a copy of the foregoing to the Defendant at the address below:

Kristin L. Martin, Esq.
1630 S. Commerce St., Ste. A-1
Las Vegas, NV 89102

/s/Kirk T. Kennedy
Law Office of Kirk T. Kennedy