1  Kristin L. Martin (Nevada Bar No. 7807)
Eric B. Myers (Nevada Bar No. 8588)
2  McCRACKEN, STEMERMAN & HOLSBERRY
1630 Commerce Street, Suite A-1
3  Las Vegas, Nevada 89102
Tel:    (702) 386-5107
4  Fax:    (702) 386-9848
Email: klm@dcbsf.com
5         ebm@dcbsf.com
6

7  *Attorneys for Defendants Bartenders Union Local
165*
8

9
                    **UNITED STATES DISTRICT COURT**
10
                         **DISTRICT OF NEVADA**
11

12

13  DAVID STECKBECK, STEVEN ALBA,
ROBERT BLEDSOE, all individually,
14
                           Plaintiffs,
15                                                 CASE NO. 2:14-cv-00323-JAD-CWH
16          vs.
                                                   **DEFENDANT BARTENDERS UNION**
17  BARTENDERS UNION LOCAL 165; a Nevada           **LOCAL 165'S REPLY BRIEF IN SUPPORT**
labor entity; DOES 1-10,. Inclusive; ROE          **OF MOTION FOR SUMMARY JUDGMENT**
18  CORPORATIONS 1-10, inclusive,
19
                           Defendants.
20

21

22

23

24

25

26

27

28

**DEFENDANT BARTENDERS UNION LOCAL 165'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT                          2:14-cv-00323-JAD-CWH**

**TABLE OF CONTENTS**

Introduction ................................................................................................................ 1

Argument .................................................................................................................... 1

  A. Plaintiffs do not identify any disputed issues of material fact ........................... 1

  B. Local 165 did not violate its duty of fair representation because it quickly disposed of Plaintiffs' grievance........................................................................... 2

    1. There is not a categorical obligation to conduct an investigation ........................ 2

    2. Local 165 handled Plaintiffs' grievance in the way that was appropriate to the circumstances ............................................................................ 3

    3. Plaintiffs' complaint about how Local 165 processed their grievance does not create a factual question that precludes summary judgment ................................... 4

  C. Local 165 did not violate its duty of fair representation by concluding that Plaintiffs did not have a contractual right to work beyond the end of the 2013 pool season .................. 4

    1. Local 165's decision how to interpret its collective bargaining agreement is entitled to deference ................................................................. 4

    2. Local 165 was entitled to consider the interests of other employees in the bargaining unit it represents ................................................................. 5

    3. Plaintiffs' "past practice" argument does not create a triable issue of fact............. 6

Conclusion .................................................................................................................. 7

**DEFENDANT BARTENDERS UNION LOCAL 165'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**    **2:14-cv-00323-JAD-CWH**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Brotherhood of Locomotive Engineers v. Burlington Northern R.R. Co.*,
838 F.2d 1087 (9th Cir. 1988) ................................................................6

*Cerminara v. Hilton Hotel Corp.*,
644 F.Supp. 642 (D. Nev. 1986) ............................................................4

*Conkle v. Jeong*,
73 F.3d 909 (9th Cir. 1995) ...............................................................4, 5

*DelCostello v. Teamsters*,
462 U.S. 151 (1983) ...............................................................................7

*Diaz v. ILWU Local 13*,
474 F.3d 1202 (9th Cir. 2007) ..............................................................3

*Dutrisac v. Caterpillar Tractor Co.*,
749 F.2d 1270 (9th Cir. 1983) ..............................................................6

*Eichelberger v. NLRB*,
765 F.2d 851 (9th Cir. 1985) ............................................................2, 3

*Evangelista v. Inland Boatmen's Union of the Pac.*,
777 F.2d 1390 (9th Cir. 1985) ..........................................................2, 4

*Ford Motor Co. v. Huffman*,
345 U.S. 330 (1953) ...............................................................................5

*Fristoe v. Reynolds Metals Co.*,
615 F.2d 1209 (9th Cir. 1980) ..............................................................4

*Galindo v. Stoody Co.*,
793 F.2d 1502 (9th Cir. 1986) ..............................................................3

*Hays v. National Elec. Contractors Assn., Inc.*,
781 F.2d 1321 (9th Cir. 1986) ..............................................................6

*Herman v. United Bhd. of Carpenters & Joiners of America*,
60 F.3d 1375 (9th Cir. 1995) ................................................................3

*Patterson v. Int'l Bhd. of Teamsters Local 959*,
121 F.3d 1345 (9th Cir. 1997) ..............................................................5

**DEFENDANT BARTENDERS UNION LOCAL 165'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**     **2:14-cv-00323-JAD-CWH**

*Peters v. Burlington N.R.R. Co.*,
   931 F.2d 534 (9th Cir.1990) ................................................................................3

*Peterson v. Kennedy*,
   771 F.2d 1244 (9th Cir. 1985) .............................................................................5

*Salinas v. Milne Truck Lines, Inc.*,
   846 F.2d 568 (9th Cir. 1988) ...............................................................................5

*Slevira v. Western Sugar Co.*,
   200 F.3d 1218 (9th Cir. 2000) .............................................................................5

*Stevens v. Moore Business Forms, Inc.*,
   18 F.3d 1443 (9th Cir. 1994) ...............................................................................2

*Tenorio v. NLRB*,
   680 F.2d 598 (9th Cir. 1982) ...............................................................................2

**DEFENDANT BARTENDERS UNION LOCAL 165'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT                    2:14-cv-00323-JAD-CWH**

**Introduction**

It is undisputed that Aria violated the Collective Bargaining Agreement by allowing Plaintiffs to continue working past the end of the 2011 and 2012 pool seasons.  By doing so, Aria violated the contractual rights of nonpool bartenders whose seniority entitled them to work at the pool in the months between pool seasons.  Plaintiffs think that because Aria got away with this contractual violation for two years, they have a right to insist that the violation continue in future years.  They claim that the "past practice" of violating the contract became a contract term.  Bartenders Union Local 165 interpreted the collective bargaining agreement differently, and under the well-settled standard that applies to duty of fair representation claims, Local 165's interpretation is entitled to deference.

A duty of fair representation claim requires evidence that the union's action was arbitrary, discriminatory or in bad faith.  Plaintiffs do not claim that there is any evidence that Local 165's interpretation was in bad faith or motivated by discrimination.  Plaintiffs assert only that Local 165's interpretation was arbitrary because Local 165 summarily dismissed a grievance they filed about their impending terminations.  That argument is frivolous.  Local 226 had no duty to investigate or pursue the grievance any further.  Just a few months early, Local 165 learned the facts and decided how to address the situation.  Local 165 did not violate its duty of fair representation to Plaintiffs by adhering to that decision.

**Argument**

**A.    Plaintiffs do not identify any disputed issues of material fact**

Plaintiffs do not assert that any of the facts set out in the Statement of Material Facts included in Local 165's opening brief are in dispute.  While Plaintiffs expressly acknowledge their agreement with only some of the facts listed in the Statement of Material Facts, *see* Pl. Br., at 2-3; they do not dispute any of the other facts listed in the Statement of Material Facts or provide any evidence to show that those facts are in dispute.

//

//

//

//

1

**B.** **Local 165 did not violate its duty of fair representation because it quickly disposed of Plaintiffs' grievance**

**1.** **There is not a categorical obligation to conduct an investigation**

Plaintiffs assert that Local 165 breached its duty of fair representation by failing to conduct an investigation after Plaintiffs filed their grievance on August 29, 2013. The simple response is that there is no duty to investigate a grievance when the union already knows the facts. The Ninth Circuit has rejected that "failure to investigate [a] grievance is a per se breach of the duty of fair representation." *Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 1447 (9th Cir. 1994). The law requires only that "before assessing the merits of a grievance, a union must have an ample basis upon which to make such an assessment." *Tenorio v. NLRB*, 680 F.2d 598, 602 (9th Cir. 1982). What constitutes an ample basis depends on the circumstances. *Stevens*, 18 F.3d at 1448. In some circumstances, an investigation is not required at all. *See e.g., Eichelberger v. NLRB*, 765 F.2d 851, 858 n.10 (9th Cir. 1985) (holding that union satisfied duty by reviewing grievant's letter several times); *Evangelista v. Inland Boatmen's Union of the Pac.*, 777 F.2d 1390, 1395 (9th Cir. 1985) ("A union need not obtain explanations from every grievant or discharged employee in order to satisfy its duty of fair representation.").

The main case on which Plaintiffs rely does not support their argument. In *Tenorio v. NLRB*, 680 F.2d 598 (9th Cir. 1982), the Court held that "[t]he Union's investigation was so grossly inadequate as to transcend negligence and poor judgment," *id.* at 601; but made clear that its conclusion was based on "the totality of the circumstances," *id.* at 602; and on "the particular circumstances" of the case. *Id.* at 603. The Court identified three facts that made the case unusual: the union abandoned its own policy of interviewing all discharged employees; the union had a conflict of interest because the employees were discharged as a result of their dispute with a union official; and the union issued the employees unsolicited travel cards so that they would leave town. *Id.* at 602. The Ninth Circuit has since reaffirmed that "[t]he ruling of [*Tenorio*] was expressly limited to those particular circumstances" and turned on the fact that the union's "departure from standard procedure [was] potentially motivated by the fact that one of the parties to the subject altercation was a union official" causing "a suspicion of

//

//

a potential conflict of interest for the union in handling the grievance, as well as a related intimation that the grievance would be processed in a summary manner." *Eichelberger*, 765 F.2d at 858 n.10.[1]

### 2. Local 165 handled Plaintiffs' grievance in the way that was appropriate to the circumstances

When Local 165 received Plaintiffs' grievance in August 2013, Local 165 processed it summarily because Local 165 had already considered the issue raised by the grievance and decided how to address it. Local 165 confronted the issue a few months earlier while negotiating the May 2013 Memorandum of Understanding regarding pool bartender jobs. At that time, Local 165 learned that Aria had not terminated Plaintiffs' employment at the end of the pool seasons in 2012 and 2013 as the Collective Bargaining Agreement required and that Aria management wanted to continue to employ Plaintiffs even though they were hired as Seasonal Pool Bartenders. At that time, Local 165 decided that Plaintiffs should be terminated at the end of the pool season as the Collective Bargaining Agreement required, even though they had not been terminated in past years. That determination is reflected in the May 2013 Memorandum of Understanding.

Local 165's President Lana Loebig did not conduct a new investigation into the facts when she received the grievance in August 2013 because she already knew the facts. Plaintiffs do not dispute that Loebig knew the facts about their employment histories – that they were hired as Seasonal Pool Bartenders but allowed to work in the winter months during 2011 and 2012 after the pool season ended – when they filed their grievance. Plaintiffs also do not identify any fact that Loebig did not know and

//

---

[1] Plaintiffs include a string cite for the proposition that the duty of fair representation requires some investigation, but those cases do not support the Plaintiffs' argument that an investigation was warranted in the circumstances presented by this case. *See Diaz v. ILWU Local 13*, 474 F.3d 1202, 1207 (9th Cir. 2007) (dismissing complaint that union violated duty in how it operated hiring hall); *Peters v. Burlington N.R.R. Co.*, 931 F.2d 534, 539 (9th Cir.1990) (union processed grievance in perfunctory manner because it failed to even consider meritorious arguments); *Herman v. United Bhd. of Carpenters & Joiners of America*, 60 F.3d 1375, 1380-81 (9th Cir. 1995) (deciding that union's "wholly unexplained failure to take an action on grievance" was arbitrary because it did not "result[] from an exercise of good faith judgment"). Plaintiffs also cite *Galindo v. Stoody Co.*, 793 F.2d 1502, 1514-15 (9th Cir. 1986) but that case did not involve any issue about how the union investigated a grievance.

**DEFENDANT BARTENDERS UNION LOCAL 165'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**                     **2:14-cv-00323-JAD-CWH**

would have learned if she had conducted a new investigation.  In the circumstances of this case, there was nothing to investigate.[2]

### 3.   Plaintiffs' complaint about how Local 165 processed their grievance does not create a factual question that precludes summary judgment

Plaintiffs seem to argue that summary judgment can never be granted in duty of fair representation cases because the ultimate question – whether a union acted in a manner that was arbitrary, discriminatory or in bad faith – must always be submitted to a fact-finder.  That argument is frivolous.  The courts routinely grant summary judgment in duty of fair representation cases, including ones that raise questions about the adequacy of a union's investigation.  "[T]he extent of the requisite investigation . . . does not necessarily raise a material issue of disputed fact.  Rather, it requires a determination by the court whether the investigatory acts by the union were adequate."  *Cerminara v. Hilton Hotel Corp.*, 644 F.Supp. 642, 644 (D. Nev. 1986); *see also Evangelista*, 777 F.2d at 1395-96 (deciding on summary judgment that union's investigation was legally adequate); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1214-15 (9th Cir. 1980) (same).

### C.   Local 165 did not violate its duty of fair representation by concluding that Plaintiffs did not have a contractual right to work beyond the end of the 2013 pool season

### 1.   Local 165's decision how to interpret its collective bargaining agreement is entitled to deference

Plaintiffs' other argument seems to be that Aria's "past practice" (in violation of the Collective Bargaining Agreement) of allowing Plaintiffs to work past the end of the pool seasons changed the meaning of the Collective Bargaining Agreement.  At best, this is an argument that Local 165 misinterpreted the Collective Bargaining Agreement.  That argument disregards the well-established rule that a union's decision how to interpret a collective bargaining agreement is an exercise of judgment and entitled to deference unless it lacks a reasonable basis.  *Conkle v. Jeong*, 73 F.3d 909,

---

[2] Plaintiffs' real complaint seems to be, not that Local 165 did not investigate their grievance, but that Local 165 did not pursue their grievance.  Plaintiffs seem to believe that at least some Aria managers wanted to continue violating the Collective Bargaining Agreement in their favor so if Local 165 had pursued their grievance, Aria would have assented.  Whether or not this is prediction is accurate, it is irrelevant.  As we show in the next section, Local 165's decision not to pursue the grievance was not arbitrary and is therefore entitled to deference.

**DEFENDANT BARTENDERS UNION LOCAL 165'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**                    **2:14-cv-00323-JAD-CWH**

916 (9th Cir. 1995); *see also Slevira v. Western Sugar Co.*, 200 F.3d 1218, 1221 (9th Cir. 2000) ("[W]e do not scrutinize the quality of the union's decision."); *Salinas v. Milne Truck Lines, Inc.*, 846 F.2d 568, 569 (9th Cir. 1988) ("A union's conduct may not be deemed arbitrary simply because of an error . . . in interpreting particular provisions of a collective bargaining agreement.").  Moreover, Local 165 had no obligation to pursue Plaintiffs' theory.  "A union representative is entitled to decline to put forward an interpretation of the collective bargaining agreement which he and his union reasonably believe is incorrect."  *Conkle*, 73 F.3d at 915-16; *Slevira*, 200 F.3d at 1222 (union did not violate duty by declining to pursue plaintiff's theory of contract violation); *Patterson v. Int'l Bhd. of Teamsters Local 959*, 121 F.3d 1345, 1349 (9th Cir. 1997) (same).

### 2.    Local 165 was entitled to consider the interests of other employees in the bargaining unit it represents

Plaintiffs point out that Aria's violation of the Collective Bargaining Agreement by allowing Plaintiffs to work beyond the end of the pool seasons benefited Plaintiffs and Aria.  That is irrelevant. Local 165 makes decisions about how to best represent the entire bargaining unit.  It is not beholden to individual workers, and "[t]he complete satisfaction of all who are represented is hardly to be expected." *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953).

Here, Local 165 decided that the best course of action was to put an end to Aria's violation of the Collective Bargaining Agreement, even though the violation benefited Plaintiffs, because it harmed other bargaining unit employees (to whom Local 165 also owed a duty of fair representation) whose seniority entitled them that work.  Local 165 also took advantage of the opportunity to accomplish a long-standing objecting of eliminating use of the Seasonal Pool Bartender classification entirely at Aria, but only after the end of the 2013 pool season when all Seasonal Pool Bartenders were terminated in accordance with Section 10.03 of the Collective Bargaining Agreement.  There is no question that Local 165's decision is entitled to discretion.  "The Supreme Court has long recognized that unions must retain wide discretion to act in what they perceive to be their members' best interests." *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985)

//

//

**DEFENDANT BARTENDERS UNION LOCAL 165'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT                    2:14-cv-00323-JAD-CWH**

3.      **Plaintiffs' "past practice" argument does not create a triable issue of fact**

Plaintiffs seem to argue that there is a factual question that precludes summary judgment because their argument about how to interpret the collective bargaining agreement is based on a "past practice." This argument lacks merit. Summary judgment may be granted on a duty of fair representation claim even when the plaintiff claims that the union's actions were inconsistent with what occurred in the past. *Hays v. National Elec. Contractors Assn., Inc.*, 781 F.2d 1321, 1324-25 (9th Cir. 1986) (granting summary judgment against plaintiffs when union adopted new rule that benefited vast majority of members but excluded plaintiffs from work opportunities).

Plaintiffs cite two cases in support of this argument, but neither is relevant to this case. The first case – *Dutrisac v. Caterpillar Tractor Co.*, 749 F.2d 1270 (9th Cir. 1983) – was a duty of fair representation case, and Plaintiffs correctly point out that the Court addressed "the lack of evidence regarding a past practice when evaluating" the claim. Pl. Br., at 9. But in that case, the issue was whether the union violated its duty of fair representation when it missed a grievance filing deadline (which the court deemed arbitrary), or whether a past practice of disregarding contractual timelines made that conduct rational. *Id*. at 1273 n.1. The *Dutrisac* case does not hold that a "past practice" always modifies a collective bargaining agreement or that summary judgment must be denied whenever there is a question about whether a past practice modified a collective bargaining agreement. Plaintiffs overtly misrepresent *Dutrisac* when they state that "[t]he existence of a past practice was a material, factual issue for resolution by the trier of fact." Pl. Br., at 9. What the Court actually said is that there was no evidence of a past practice, 749 F.2d at 1273 n.1; and affirmed the grant of summary judgment.

The second case – *Brotherhood of Locomotive Engineers v. Burlington Northern R.R. Co.*, 838 F.2d 1087, 1089 (9th Cir. 1988) – is even farther afield. That case involved a statutory claim by a union against an employer under the Railway Labor Act based on an employer's alleged unilateral modification of the collective bargaining agreement. *Id*. at 1088. It does not involve a duty of fair representation claim at all, and says nothing about how a union must interpret a collective bargaining agreement to comply with the duty of fair representation. The court did state that the question whether a "past practice" modifies a contract is a factual one, but that is not the issue here. Summary judgment would be appropriate even if there were a factual question about whether Plaintiffs' terminations

6

violated the Collective Bargaining Agreement because there is no evidence that Local 165's interpretation of the Collective Bargaining Agreement was arbitrary.  As explained in Local 165's opening brief, to prevail on their duty of fair representation claim, Plaintiffs need to establish two elements: (1) the employer breached the collective bargaining agreement to Plaintiffs' detriment; and (2) the union violated its duty of fair representation to Plaintiffs in connection with that breach. *DelCostello v. Teamsters*, 462 U.S. 151, 164-65 (1983).  Plaintiffs concede that they must prove both elements.  Pl. Br., at 6.  Thus, even if there were a factual dispute about the correct interpretation of the Collective Bargaining Agreement and whether it was breached, this case should be dismissed because there is no factual dispute about the second element: Local 165 did not breach its duty of fair representation.

### Conclusion

For all of the foregoing reasons, Local 165's motion for summary judgment should be granted.


Dated: October 29, 2015                      McCRACKEN, STEMERMAN & HOLSBERRY

                                             **/s/ Kristin L. Martin**
                                             Kristin L. Martin

                                             *Attorneys for Defendant Bartenders Union Local 165*

**DEFENDANT BARTENDERS UNION LOCAL 165'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT                2:14-cv-00323-JAD-CWH**