UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID STECKBECK, STEVEN ALBA, and ROBERT BLEDSOE,<br><br>Plaintiffs,<br><br>v.<br><br>BARTENDERS UNION LOCAL 165, *et al.*,<br><br>Defendants. | Case No. 2:l4-cv-00323-RFB-CWH<br><br>**ORDER** |

### I. INTRODUCTION

Before the Court is Defendant Bartenders Union Local 165's ("Local 165") Motion for Summary Judgment. ECF No. 24. For the reasons stated at the hearing on August 4, 2016 and below, the Court grants Defendant's Motion.

### II. BACKGROUND

Plaintiff filed its Complaint on February 28, 2014. ECF No. 1. Plaintiff filed an Amended Complaint on April 2, 2014. ECF No. 8.

Defendant filed a Motion to Dismiss on April 23, 2014. ECF No. 9. Plaintiff filed a Motion to file a Second Amended Complaint (SAC) on May 12, 2014. ECF No. 13. The Court denied Defendant's Motion to Dismiss as moot and granted Plaintiff's Motion to Amend on March 5, 2015. ECF No. 18.

Plaintiff filed its final Second Amended Complaint ("SAC") on March 6, 2015, ECF No. 19. Defendant filed its answer on March 10, 2015. ECF No. 20.

Defendant filed its Motion for Summary Judgment on September 28, 2015. ECF No. 24.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

### IV. UNDISPUTED FACTS

The Court incorporates its findings of undisputed facts as stated at the August 2016 hearing but summarizes them below:

There was a Collective Bargaining Agreement between the Defendant and the Aria Hotel, effective from December 2009 to May 2012. This Agreement contains Article 10.03, which defines a seasonal employee. Article 10.03 states that "a seasonal employee is an employee hired as a temporary employee to work in the Employer's pool food and beverage area anytime from the opening of the pool season to the closing of the pool season." Despite the language of Article 10.03, the Aria pool remains open year round, but business slows during the winter months. Aria has the prerogative to determine when the pool season begins and ends each year.

After the end of the summer pool season in years 2010, 2011, and 2012, Aria employed the Plaintiffs as pool bartenders during the winter months. However, Aria terminated the employment of all of the other bartenders. Plaintiffs were laid off at the end of the summer pool season and re-hired in the winter to work as pool bartenders.

In May 2013 the Defendant entered into a Memorandum of Agreement with the Aria Hotel, which required that all seasonal pool bartenders be terminated after the end of the 2013 pool season in accordance with Article 10.03 of the CBA. The Agreement also provided that the pool bartender jobs would be filled with the most senior bartenders from the hotel after bidding for the positions.

Plaintiffs submitted a grievance to the Defendant on August 29, 2013, which addressed their termination from employment at the end of the 2013 pool season. Lana Loebig, the President of the Defendant Union, did not investigate the grievance submitted by the Plaintiffs. On about August 30, 2013, Loebig and Greenwald called each of the Plaintiffs and informed them that the grievance was invalid.

On or about September 25, 2013, each of the Plaintiffs filed unfair labor practice charges with the National Labor Relations Board alleging that Local 165 violated the National Labor Relations Act regarding the same conduct subject here. Region 28 of the National Labor Relations Board dismissed Plaintiffs' charges because "there is insufficient evidence to establish that the Union has violated the Act in any manner encompassed by the allegations of the charge."

Plaintiffs appealed the dismissal of the unfair labor practice charges to the National Labor Relations Board's Office of Appeals. The Office of Appeals denied Plaintiffs' appeals and upheld the dismissals.

### V. DISCUSSION

#### A. Legal Standard

"To establish a breach of a union's duty of fair representation, an employee most show that the union's conduct was 'arbitrary, discriminatory, or in bad faith.' In the grievance context, this standard prohibits a union from ignoring a meritorious grievance or processing that grievance perfunctorily. A union, however, need not process a meritless grievance." Galindo v. Stoody Co., 793 F.2d 1502, 1513 (9th Cir. 1986) (internal citations omitted). "Because unions must retain discretion to act in what they perceive to be their members' best interests, we have narrowly construed this doctrine. Thus, a union's representation of its members 'need not be error free.' We have repeatedly held that mere negligent conduct by a union does not constitute a breach of the

union's duty of fair representation." Id. at 1514 (internal citations omitted). "[T]he crucial inquiry is whether the union's error involved a judgmental or ministerial act. Additionally, the union's conduct must prejudice a strong interest of the employee." Id.

"A union's duty of fair representation includes the duty to perform some minimal investigation, the thoroughness of which varies with the circumstances of the particular case. The union must exercise special care in handling a grievance which concerns a discharge, because it is the most serious sanction an employer can impose…extensive investigation by a union is unnecessary where it would not have resulted in the development of additional evidence which would have altered the union's decision not to pursue the grievance." Evangelista v. Inlandboatmen's Union of Pac., 777 F.2d 1390, 1395–96 (9th Cir. 1985). See Stevens v. Moore Bus. Forms, Inc., 18 F.3d 1443, 1446 (9th Cir. 1994) ("[W]e specifically rejected the Appellants' contention that failure to investigate their grievance was a per se breach of the duty of fair representation.").

### B. Discussion

Defendant argues that Local 165 did not violate its duty of fair representation to Plaintiffs by deciding that the August 2013 grievance was invalid. Specifically, Defendant argues that Local 165's President Lana Loebig handled the grievance, and she was familiar with the facts alleged in the grievance because she had learned them just a few months earlier while negotiating the Memorandum of Agreement.

Plaintiffs argue that Loebig's failure to conduct an investigation is presumptively prohibited as a matter of law under Tenorio v. National Labor Relations Board, 680 F.2d 598 (9th Cir. 1982). Tenorio, like Evangelista, held that "[t]he thoroughness with which unions must investigate grievances in order to satisfy their duty varies with the circumstances of each case. Although we afford unions a reasonable range of discretion in deciding how best to handle grievances, union conduct that shows an egregious disregard for the rights of union members constitutes a breach of the duty of fair representation." Tenorio v. National Labor Relations Board, 680 F.2d 598, 601-02 (9th Cir. 1982). However, as the Defendants point out in reply, the Ninth

Circuit has expressly rejected the contention that "failure to investigate their grievance was a per se breach of the duty of fair representation." <u>Stevens</u>, 18 F.3d at 1446.

In this case, Plaintiffs did not argue in their moving papers or at the hearing that an investigation would have led to "the development of additional evidence which would have altered the union's decision not to pursue the grievance." <u>Evangelista</u>, 777 F.2d at 1395–96. Rather, Plaintiffs appear to disagree with the Defendant's rejection of their argument that they were non-seasonal employees whose benefits should have been "grandfathered" in by the Union. To the extent that Plaintiffs argue that the union violated its duty of fair representation given the alleged misinterpretation of the CBA, the Court finds that "[a] union's conduct may not be deemed arbitrary 'simply because of an error in evaluating the merits of a grievance, in interpreting particular provisions of a collective bargaining agreement, or in presenting the grievance at an arbitration hearing.'" <u>Stevens</u>, 18 F.3d at 1447–48 (9th Cir. 1994) (internal citations omitted). Therefore, this argument fails as a basis for a breach of fair representation claim.

Therefore the Court agrees that Plaintiff has not established a breach of fair representation claim, as the Defendant was not required to conduct a further investigation in this case, given Loebig's familiarity of the facts in the Plaintiffs' grievances.

### VI. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is GRANTED. ECF No. 24. The Clerk of the Court is instructed to close this case.

**DATED** the 19th day of September, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**